UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JENNIFER R. EDWARDS,

    Plaintiff,

  v.                                  Case No. 09-cv-793-JPG

COLONIAL MANOR, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

        This matter comes before the Court on Plaintiff Jennifer Edwards' Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) and Motion to Appoint Counsel (Doc. 3). The Court will address each in kind.

        A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. *Id*. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

        The Court is satisfied from Edwards' affidavit that she is indigent. Furthermore, the Court does not find anything in the file to indicate that this action is frivolous or malicious.

1

Accordingly, the Court will grant her motion to proceed *in forma pauperis*.

Whether to appoint an attorney to represent an indigent civil litigant requires separate analysis that is within the sound discretion of the district court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. United States District Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. S.D. Ill. L. R. 83.1(i).

In deciding the request for counsel, the Court should consider all relevant information with emphasis on the following factors:

(1) plaintiff's diligence in attempting to secure counsel;
(2) the apparent merit of plaintiff's claim;
(3) plaintiff's ability to investigate crucial facts;
(4) the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;
(5) plaintiff's ability to manage the litigation and present her case; and
(6) the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-2 (7th Cir. 1987); *see Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In essence, the Court must ask, "[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *accord Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

Here, Edwards has not demonstrated that she has made reasonable attempts to retain counsel and has not shown that she was effectively precluded from making a diligent effort in this regard.  Accordingly, her request for appointment of counsel will be denied.

In summation, the Court **GRANTS** Edwards' Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) without prepayment of fees and costs.  The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to § 1915(e)(2)(B)(i).  Further, the Court **DENIES without prejudice** Edwards' Motion to Appoint Counsel (Doc. 3).

If Edwards wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** her to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from Edwards and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint and this order upon Defendant Colonial Manor, Inc. in a manner consistent with Federal Rule of Civil Procedure 4, as directed by Edwards.

**IT IS SO ORDERED.**
**DATED: June 23, 2010**

                                                    s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**